**Mark Anthony DUDONIS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. B14–85–469–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 12, 1986.

Will Gray, Houston, for appellant.

John B. Holmes, Jr., Winston E. Cochran, Jr., Houston, for appellee.

Before PAUL PRESSLER, SEARS and CANNON, JJ.

OPINION

SEARS, Justice.

This is an out-of-time appeal. In 1980 appellant was accused in a three-paragraph indictment of aggravated rape, aggravated sexual abuse and aggravated kidnapping. The indictment further alleged a prior felony conviction. The state abandoned the aggravated rape and aggravated kidnapping allegations at trial and reduced the aggravated sexual abuse allegation to sexual abuse in the jury charge. A jury found appellant guilty of sexual abuse, and, after appellant pled true to the enhancement allegation, the trial court assessed his punishment at imprisonment for twenty years in the Texas Department of Corrections. We affirm.

Appellant brings two grounds of error which necessitate a brief recitation of the facts. The complainant testified she first met appellant in July of 1980, and they

went dancing together at a club later that evening. On July 25, 1980, appellant invited the complainant to a ranch to go horseback riding. Appellant's parents were employed as caretakers of the ranch, and appellant performed maintenance work there from time to time. After appellant briefly showed the complainant the grounds, he excused himself to do some work, leaving the complainant at the main house to watch television. When he returned he asked the complainant to walk out to a field with him. Appellant picked up a machete along the way. The complainant saw a black satin sheet staked to the ground in the middle of the field. When appellant began to talk about sex, the complainant became uneasy and stated that she did not want to have sex with him. Appellant demanded that she remove her clothes and threatened her with the machete, first holding it against her throat and then putting it down her blouse, saying that if she did not take off her clothes, he would rip them off. The complainant complied, and appellant also removed his clothes. He gathered the complainant's clothing and instructed her to walk in front of him to the opposite end of the field. After depositing her clothes there, he forced her to walk back toward the sheet. On the way back he stopped her by grabbing her arm. He struck her with the flat side of the machete and forced her to perform oral sex.

During the course of the next four hours, appellant raped the complainant six times and forced her to orally sodomize him four more times. He then bound her with tape and curtain ties and left her in a closet in another house on the ranch. The complainant bit through the ropes and tape, freed herself, found a robe in the house and escaped, running barefoot through the woods until she came upon a road and flagged down a passing motorist. The motorist drove the complainant to her sister's apartment, where she contacted the police.

Appellant testified that he and the complainant had previously had relations. On July 25, 1980, they attempted to have sex several times at the ranch but were interrupted each time by workers. According

to appellant, the complainant became very aggravated after the interruptions. When he returned to her following yet another interruption, the complainant had disappeared.

The police located the ranch and recovered some of the complainant's clothing, a machete, a black sheet with stakes attached and some rope and tape. Appellant was arrested nearly a year later on June 10, 1981.

In his first ground of error appellant complains that the court's charge was fundamentally defective because the application of the law to the facts substantially reduced the state's burden of proving lack of consent. Section 21.04 of the Texas Penal Code, the statute in effect at the time of the commission of the offense, provides in pertinent part that:

(a) A person commits an offense [sexual abuse] if, without the other person's consent and with intent to arouse or gratify the sexual desire of any person, the actor:

(1) engages in deviate sexual intercourse with the other person, not his spouse, whether the other person is of the same or opposite sex....

\*    \*    \*    \*    \*    \*

(b) The intercourse is without the other person's consent under one or more of the following circumstances:

(1) the actor compels the other person to submit or participate by force that overcomes such earnest resistance as might be reasonably expected under the circumstances; [or]

(2) the actor compels the other person to submit or participate by any threat that would prevent resistance by a person of ordinary resolution....

Tex.Penal Code Ann. § 21.04 (Vernon 1974).

The court's charge to the jury first tracks the language of Section 21.04 set out above and then applies the law to the facts of the cause as follows:

Therefore, if you believe from the evidence beyond a reasonable doubt that the defendant, Mark Anthony Dudonis, did, in Harris County, Texas, on or about July 25, 1980, with intent to arouse and gratify the sexual desire of the defendant and by force or threats to *and* without the consent of [the complainant], a person not his spouse, have deviate sexual intercourse with the complainant, ... you will find the defendant guilty (emphasis added).

Appellant argues that the charge as written allowed the jury to determine appellant's guilt on force alone or on threats alone or on lack of consent alone. He claims that such a charge allowed a conviction for sexual abuse even if the force or threats used were substantially less than those required by Section 21.04 to show the absence of consent.

■ Our reading of the charge indicates the contrary. As was previously stated, the court charged the jury on the law in language nearly identical to that found in the statute. The application paragraph also coincides with Section 21.04. The charge was written to enable the jury to find appellant guilty if it found beyond a reasonable doubt that he used force without the complainant's consent, or, that he used threats without the complainant's consent. In either event, the jury was required to find that the abuse was committed without the complainant's consent. Though grammatically imprecise as written, the charge, when read in its entirety, did not reduce the state's burden of proving lack of consent.

Since appellant has claimed fundamental error, he is entitled to reversal only if the error is so egregious and created such harm that he has not had a fair and impartial trial. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984) (opinion on state's motion for rehearing). To determine the degree of harm to the accused, appellate courts must look to the jury charge in its entirety, the state of the evidence, including contested issues and the weight of probative evidence, the argument of counsel and any other relevant information revealed by the record as a whole. *Id.* After carefully reviewing the evidence and the charge as a whole, we find that the trial court's charge contained no error so egregious that appellant was deprived of a fair and impartial trial. Appellant's first ground of error is overruled.

Appellant argues in his second ground of error that the trial court erred in denying his objection to the inclusion in the charge of an instruction on force. Appellant claims that the issue of force was not raised by the evidence. He asserts that his threats alone were sufficient to compel the complainant to submit and that, because the complainant offered no resistance for appellant to overcome, he did not have to resort to force.

■ The court of criminal appeals has stated in rape cases that "the facts of each individual case determine whether force exists, which, of necessity, renders it impossible to lay down a fixed standard by which it may be said that force has or has not been applied...." *Bundren v. State,* 152 Tex.Crim. 45, 211 S.W.2d 197 (1948). *See also Brown v. State,* 576 S.W.2d 820 (Tex. Crim.App.1978); *Zamora v. State,* 449 S.W.2d 43 (Tex.Crim.App.1969); *DuPont v. State,* 641 S.W.2d 250 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd). The definition of force found in the rape statute in effect in 1980, Tex.Penal Code Ann. § 21.02 (Vernon 1974), is identical in import to that of the one in the sexual assault statute. The reasoning in the above-cited cases involving rape is therefore equally applicable to this sexual abuse case. The record in the case at bar reflects the following circumstances which tend to show the use of force: appellant struck the complainant with a machete; he pulled on her arm and forced her to have oral sex with him; he pushed her on various occasions; and he bound her with tape and rope. We find that this evidence was sufficient to support the inclusion in the charge of the definition of force. Appellant's second ground of error is overruled.

The conviction is affirmed.